FILED

UNITED STATES DISTRICT COURT

MAR 21  1? 39 7" '86

WESTERN DISTRICT OF TEXAS

CHARLES W. .NER. CLERK

SAN ANTONIO DIVISION       BY

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| vs. | § |
| JUAN JOSE QUINTERO-PAYAN | § |
| EMILIO QUINTERO-PAYAN | § |
| JUAN FRANK GARCIA | § |
| LEONARDO PAYAN-QUINTERO | § |
| JOSE F. MUNIZ, JR. | § |
| SAMUEL BARNETT | § |
| JUAN A. RODRIGUEZ | § |
| JESUS CARILLO-BARRAZA | § |
| JOSE LUIS CANTU | § |
| JULIAN VERA | § |
| ALFONSO GONZALEZ | § |
| MILTON F. JONES | § |
| SANTOS GARCIA | § |
| INEZ RIVAS, JR. | § |
| JOSE DE JESUS PINEDA SANCHEZ | § |
| ARMANDO MARTINEZ | § |
| CARLOS CASTILLO | § |
| AMANDA RIVERA | § |
| MIKE REAL | § |
| ALAN KENT CHESHIRE | § |
| DELFINO CHAVIRA | § |
| CARLOS LOSOYA | § |
| SAUL MUÑIZ | § |
| GILBERTO CANTU | § |
| JOHNNY AGUILAR | § |
| VALENTINE KALIE | § |
| ANSELMO HERNANDEZ | § |
| FELIX M. GARZA, JR. | § |
| ARMANDO RODRIGUEZ | § |
| TERRY ULLOA | § |
| DIANE GARCIA | § |
| CONTINENTAL RESOURCES, LTD. | § |
| EUROPEAN COMMODITIES, LTD. | § |
| CARLOS BEHN | § |
| RAYMOND UGALDE | § |
| JAMES FOX | § |
| METROPOLITAN NATIONAL BANK | § |
| CELINA LEY QUINTERO, also | § |
| known as Celina Ley Machado | § |

SUPERSEDING INDICTMENT

CRIMINAL NO. SA-85-CR-329

VIOLATIONS OF:
Title 18, USC 1962(d) - RICO
Conspiracy; Title 18,
USC 1962(c) - RICO; Title 21,
841(a)(1) - Poss of marihuana
w/intent to dist; Title 18,
USC 2 - Aiding & abetting;
Title 21, USC 846 -
Conspiracy; Title 21,
USC 848 - CCE; and
Title 18 USC 1623 - Perjury

A true copy of the original, I certify.

Clerk, U. S. District Court

By M.K. Seyfarth
Deputy

002159

```
EPIGMENIO LEAL-PUENTES            §
MARIA ENEDINA GARCIA              §
JOSE LUIS CERVANTES               §
JOSEFINA RODRIGUEZ                §
LUCINDA TORRES                    §
MARTIN ADAME                      §
JAVIER TORRES                     §
GUADALUPE TORRES,JR.              §
JAVIER RODRIGUEZ                  §
CESAR TORRES                      §
ROBERT PRUITT, III               §
CARLOS VERA                       §
```

## INDICTMENT

THE GRAND JURY CHARGES:

## COUNT ONE

That from an unknown date, believed to be in May of 1980, and continuously thereafter up to and including the date of this indictment, in the Western District of Texas, and elsewhere,

JUAN JOSE QUINTERO-PAYAN

EMILIO QUINTERO-PAYAN

JUAN FRANK GARCIA

LEONARDO PAYAN-QUINTERO

JOSE F. MUNIZ, JR.

SAMUEL BARNETT

JESUS CARILLO-BARRAZA

JOSE LUIS CANTU

JULIAN VERA

ALFONSO GONZALEZ

002160

MILTON F. JONES

SANTOS GARCIA

JOSE DE JESUS PINEDA SANCHEZ

ARMANDO MARTINEZ

CARLOS CASTILLO

AMANDA RIVERA

MIKE REAL

ALAN KENT CHESHIRE

DELFINO CHAVIRA

CARLOS LOSOYA

SAUL MUNIZ

GILBERTO CANTU

JOHNNY AGUILAR

VALENTINE KALIE,

ANSELMO HERNANDEZ

ARMANDO RODRIGUEZ

CONTINENTAL RESOURCES, LTD.

EUROPEAN COMMODITIES, LTD.

CARLOS BEHN

RAYMOND UGALDE

JAMES FOX

METROPOLITAN NATIONAL BANK

3.

CELINA LEY QUINTERO,
also known as Celina Ley Machado

EPIGMENIO LEAL-PUENTES

MARIA ENEDINA GARCIA

LUCINDA TORRES

MARTIN ADAME

JAVIER TORRES

GUADALUPE TORRES, JR.

CESAR TORRES

ROBERT PRUITT, III and

CARLOS VERA

and Defendants herein, did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree together with each other and with divers other persons, known and unknown to the Grand Jury, to commit an offense against the United States, that is, a violation of Title 18, United States Code, Section 1962(c).

The above named Defendants constituted an enterprise in fact, as that term is defined by Title 18, United States Code, Section 1961 (4), to wit: a group of individuals and corporations associated in fact to unlawfully enrich themselves by promoting and facilitating the importation, acquisition, possesion and distribution of marihuana on a continuing basis.

It was a part of said conspiracy that the Defendants and unindicted co-conspirators were employeed by and associated with said enterprise as defined by Title 18, United States Code, Section 1961(4), which was engaged in, and the activities of which affected interstate and foreign commerce.

4.

It was a further part of the conspiracy that the Defendants and unindicted co-conspirators agreed to conduct and participate, directly and indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity, such pattern of racketeering activity to consist of at least two acts of racketeering activity by each of the Defendants as defined by Title 18, United States Code, Section 1961(1) and 1961(5), to wit:  violations of Title 18, United States Code, Sections 1952, and 894, Title 21, United States Code, and Sections 841(a)(1) and 952 and Article 20.04, Texas Penal Code.

It was a further part of the conspiracy that the Defendants would arrange for the purchase of quantities of marihuana from each other and other unknown sources.

It was a further part of the conspiracy that the Defendants would arrange for the use of parcels of real estate and the buildings thereon as places of storage for and distribution of the marihuana and the collection of money from marihuana sales.

It was a further part of the conspiracy that the Defendants and unindicted co-conspirators would arrange for the importation of the marihuana from Mexico, and for the transportation of the marihuana and methqualone from locations in the State of Texas to locations both in the State of Texas, and other States outside the State of Texas.

002163

It was a further part of the conspiracy that the Defendants and others known and unknown to the Grand Jury would obtain vehicles by rental and purchase for use in the affairs of the enterprise.

It was a further part of the conspiracy that the Defendants would make extensive use of banks in Texas, California, New York and the Cayman Islands to launder, disguise, hide, convert and protect their illicit profits and proceeds from the enterprise, as defined above.

It was a further part of the conspiracy that the Defendants and unindicted co-conspirators would arrange to collect, count, store, protect, and distribute the illegal income from the distribution of the marihuana and methaqualone generated by the enterprise.

It was further part of the conspiracy that the Defendants and unindicted co-conspirators would arrange to disguise, hide, convert, invest, protect, and otherwise launder the illicit profits and proceeds from the enterprise, as defined above, for the purpose of legitimizing the above-referenced income.

It was a further part of the conspiracy that the Defendants and unindicted co-conspirators would travel and cause travel in interstate and foreign commerce to effect the objects of the conspiracy.

6.

002164

It was a further part of the conspiracy that the Defendants would on occasion use false names and the names of other persons to conceal their own participation in the affairs of the enterprise.

It was a further part of the conspiracy that the Defendants and others unknown would threaten to murder and attempt to murder persons with knowledge of the affairs of the enterprise, as previously defined, to insure their silence and non-cooperation with law enforcement officials.

## OVERT ACTS

1.  During the approximate years of 1981 and 1982 JUAN FRANK GARCIA, SAMUEL BARNETT, and JOSE F. MUNIZ, JR. caused the delivery and distribution of up to seven loads of marihuana by Gilbert Hartmann in Fort Worth, Texas.  Each load consisted of approximately 400 pounds and was transported by Gilbert Hartmann, frequently via a route from the Rio Grande Valley of Texas through the Western District of Texas to Fort Worth.

2.  During the approximate years of 1981 and 1982 JUAN FRANK GARCIA, SAMUEL BARNETT, and JOSE F. MUNIZ, JR. caused the delivery and distribution of up to six loads of marihuana by Gilbert Hartmann in Dallas, Texas.  Each load consisted of approximately 400 pounds and was transported by Gilbert Hartmann, frequently via a route from the Rio Grande Valley of Texas through the Western District of Texas to Dallas.

002165

3.   During the year 1981 JUAN FRANK GARCIA, SAMUEL BARNETT, and
     JOSE F. MUNIZ, JR. caused the delivery and the distribution
     of numerous loads of marihuana in Houston, Texas.  Each load
     consisted of approximately 300 pounds and was transported by
     Gilbert Hartmann from the Rio Grande Valley of Texas

4.   During 1982 JUAN FRANK GARCIA, Inez Rivas, Jr. and ALAN KENT
     CHESHIRE imported by airplane into the United States from
     Mexico approximately 700 pounds of marihuana.

5.   In or about November, 1981 JUAN FRANK GARCIA, and SAMUEL
     BARNETT possessed through Gilbert Hartmann approximately 500
     pounds of marihuana and approximately 100,000 methaqualone
     pills in the Western District of Texas.

6.   During the year 1981, JUAN FRANK GARCIA, SAMUEL BARNETT, and
     JOSE F. MUNIZ, JR. caused the distribution of several loads
     of marihuana in Abilene, Texas.  Each load contained
     approximately 400 pounds of marihuana.  This marihuana was
     delivered by Gilbert Hartmann.

7.   During January and February, 1981 JUAN FRANK GARCIA caused
     the importation of four loads of marihuana from Mexico.
     Each load consisted of approximately 1500 pounds of
     marihuana and was imported into Hidalgo County, Texas.

8.   During 1981 JUAN FRANK GARCIA and JOSE F. MUNIZ, JR. caused
     the distribution of two loads of marihuana in Fort Worth,

8.

Texas.  Each load was approximately 600 pounds and was transported by Antonio Espinosa from the Rio Grande Valley of Texas through the Western District of Texas.

9.   During the approximate year of 1981 SAMUEL BARNETT, MILTON F. JONES, and JULIAN VERA possessed approximately 300 pounds of marihuana.  This marihuana was stored on a ranch near Premont, Texas by JULIAN VERA and was subsequently delivered to SAMUEL BARNETT and MILTON F. JONES in Houston by Gilbert Hartmann.

10.  During the year 1981 JUAN FRANK GARCIA, JOSE F. MUNIZ, JR. and ALAN KENT CHESHIRE stored approximately 700 pounds of marihuana near Premont, Texas and thereafter caused the transportation of this marihuana by Antonio Espinosa to Huffman, Texas.

11.  During the year 1982, JUAN FRANK GARCIA, JULIAN VERA, SAMUEL BARNETT, JOSE LUIS CANTU, and ALAN KENT CHESHIRE possessed approximately 800 pounds of marihuana which was transported by Antonio Espinosa from near Premont, Texas to Huffman, Texas.

12.  In or about August, 1981 Juan A. Rodriguez, using money supplied by JUAN FRANK GARCIA as a down payment, purchased the residence at 19914 Medicine Bow, Humble, Texas.

13.  From December, 1981 to May, 1982 JUAN FRANK GARCIA leased the residence at 20119 Pinehurst Trail, Humble, Texas.  He leased this same property a second time from January to July, 1983.

9.

14.  In or about January of 1982 JUAN FRANK GARCIA leased 2815½ 3rd Street, Huffman, Texas.

15.  During 1981 or 1982 JUAN FRANK GARCIA and SAMUEL BARNETT instructed Gilbert Hartmann to travel to a ranch near Premont, Texas, where Hartmann received a load of marihuana from JULIAN VERA. Hartmann transported this load by automobile to Houston, Texas where Hartmann delivered the marihuana to MILTON F. JONES and SAMUEL BARNETT.  During 1981 or 1982 JUAN FRANK GARCIA gave Hartmann instructions to travel to a ranch near Premont to pick up another load of marihuana from JULIAN VERA.  Hartmann then drove this load to 20119 Pinehurst Trail, Humble, Texas.  JOSE F. MUNIZ, JR., and SAMUEL BARNETT helped Gilbert Hartmann unload this marihuana at the Pinehurst Trail residence.

16.  During the approximate year of 1982, JUAN FRANK GARCIA instructed Antonio Espinosa to travel to the Floresville, Texas area on two occasions to pick up marihuana.  On each occasion Espinosa drove to the Floresville area where he met JESUS CARILLO-BARRAZA who led Espinosa to a location off of SH 536 where JESUS CARILLO-BARRAZA delivered to Espinosa approximatley 400 pounds of marihuana.  Espinosa  then drove this marihuana to the Houston, Texas area.

10.

17. During the year 1982 JUAN FRANK GARCIA, JOSE F. MUNIZ, JR.,
SAMUEL BARNETT, JULIAN VERA, CARLOS VERA, ALAN KENT
CHESHIRE, MILTON F. JONES, SAUL MUNIZ, JOHNNY AGUILAR,
ROBERT PRUITT, III,          JESUS CARILLO-BARRAZA, and
others utilized an airstrip and hangar facility near Katy,
Texas to receive loads of marihuana imported from Mexico by
airplane and by a tanker truck.  These loads were then taken
to other locations to be stored until distributed.  These
locations include 2815½ 3rd Street, Huffman, Texas, 20119
Pinehurst Trail, Humble, Texas, a location near Trinity,
Texas and the home of Juan A. Rodriguez, 19914 Medicine Bow,
Humble, Texas.  Approximately 5 loads were received at the
airstrip and hangar facility.

18. During the year 1982 JUAN FRANK GARCIA, SAMUEL BARNETT, and
JOSE F. MUNIZ, JR. caused the delivery of numerous loads of
marihuana to 20119 Pinehurst Trail, Humble, Texas and to
2815 ½ 3rd Street, Huffman, Texas  by Gilbert Hartmann.
Thereafter JUAN FRANK GARCIA and JOSE F. MUNIZ, JR.
distributed this marihuana to MILTON F. JONES and other
buyers known and unknown.

11.

002169

19. During 1983, JOSE LUIS CANTU and Antonio Espinosa transported a load of approximately 500 pounds of marihuana from near Premont, Texas to 22203 Le Conte, Spring, Texas.

20. During the years 1982 and 1983 JUAN FRANK GARCIA, MILTON F. JONES and SAMUEL BARNETT, Felix Garza, Jr. and ANSELMO HERNANDEZ utilized the 20119 Pinehurst Trail residence as a marihuana distribution outlet.

11a.

062170

21. In or about January of 1983 JUAN FRANK GARCIA leased and thereafter purchased the residence at 22203 LeConte, Spring, Texas.

22. During the year of 1983 JUAN FRANK GARCIA and JOSE LUIS CANTU possessed approximately 600 pounds of marihuana in a boat in Hidalgo County, Texas. Gilbert Hartmann delivered this boat to DELFINO CHAVIRA in the Houston, Texas area.

23. During 1983 JUAN FRANK GARCIA, DELFINO CHAVIRA, and CARLOS LOSOYA stored several thousand pounds of marihuana at 22203 LeConte, Spring, Texas.

24. During January, February, and March, 1983, JUAN FRANK GARCIA and Juan A. Rodriguez directed the loading and unloading of numerous loads of marihuana into the Pinehurst Trails residence. Disinfectants were used by known and unknown persons to remove the odor of the marihuana from some of the load vehicles. During this time period numerous vehicles were driven to this residence to unload or load marihuana.

25. In or about February of 1983 JUAN FRANK GARCIA purchased the residence and furniture at 8934 Shoreview, Humble, Texas for approximately $383,000 in cash. Thereafter he transferred title to this property to Ignacia Payan, the mother of JUAN JOSE QUINTERO-PAYAN and EMILIO QUINTERO-PAYAN. JUAN FRANK GARCIA stated that the purchasers of the Shoreview property had $60,000,000 in funds available to invest.

002171

26. In or about March of 1983 Juan A. Rodriguez purchased the residence at 19803 Rustlewood, Humble, Texas using approximately $9,000 in cash provided by JUAN FRANK GARCIA as a down payment.

27. In May of 1983, JESUS CARILLO BARRAZA purchased 9547 Majestic Oak Circle, San Antonio, Texas, paying $565,146 in cash. He thereafter purchased furnishings for this residence, paying approximately $114,358 in cash. In October of 1983 he purchased adjoining lots for approximately $86,000 in cash.

28. In approximately  May of 1983, JUAN FRANK GARCIA instructed Antonio Espinosa to travel to San Antonio, Texas. While in the San Antonio area Espinosa met with JESUS CARILLO BARRAZA who led Espinosa to the residence of ALFONSO GONZALEZ near Sequin, Texas. At GONZALEZ' residence, ALFONSO GONZALEZ and JESUS CARILLO BARRAZA helped load approximately 1200 pounds of marihuana into a vehicle which Espinosa then drove to Houston, Texas.

29. In May of 1983 JUAN FRANK GARCIA instructed Gilbert Hartmann and Antonio Espinoza to travel to the Western District of Texas where they met with LEONARDO PAYAN-QUINTERO. While in the San Antonio area Hartmann and Espinosa went to the residednce of ALFONSO GONZALEZ. There Hartmann and Espinosa

13.

received approximately 1200 pounds of marihuana which Hartmann then drove to 22203 LeConte, Spring, Texas. At the LeConte residence, Hartmann, Espinosa, and DELFINO CHAVIRA unloaded the marihuana. Hartmann and Espinosa spent the night at 19803 Rustlewood, Humble, Texas. JOSE F. MUNIZ, JR., agreed to clean out the vehicle used to transport the marihuana.

30. In April and May of 1983 EMILIO QUINTERO-PAYAN and JESUS CARILLO-BARRAZA traveled together in the San Antonio and Houston, Texas area.

31. In June of 1983 JUAN FRANK GARCIA and LEONARDO PAYAN-QUINTERO stayed at a motel in the San Antonio, Texas area.

32. In June of 1983 JUAN FRANK GARCIA rented several motel rooms in San Antonio, Texas.

33. In or about May of 1983, LEONARDO PAYAN-QUINTERO, JUAN FRANK GARCIA, and Ricardo Gomez had a conversation wherein JUAN FRANK GARCIA was descirbed as a principal purchaser of EMILIO QUINTERO-PAYAN'S marihuana.

34. In June of 1983, JUAN FRANK GARCIA, LEONARDO PAYAN-QUINTERO and others met in San Antonio, Texas. During this same time period JOSE F. MUNIZ, JR. was waiting at 19803 Rustlewood to receive a load of marihuana arranged by JUAN FRANK GARCIA.

14.

35. In June of 1983 Terry Ulloa, Ricardo Gomez and ALFONSO GONZALEZ met at ALFONSO GONZALEZ's home near Seguin, Texas to help load marihuana into a rental vehicle.

36. In June of 1983 Josephina Rodriguez, Branch Manager of Franklin Savings, Mission, Texas ordered a $10,000.00 cash transaction to be broken down into two $5,000.00 transactions. She further instructed the tellers handling the matter to lie if questioned about it. Javier Rodriguez and ARMANDO RODRIGUEZ participated in this event.

37. From December, 1982 through March of 1983 CELINA LEY QUINTERO,A/K/A/, CELINA LEY MACHADO, JUAN JOSE QUINTERO-PAYAN and CARLOS BEHN, a branch manager of Banco Nacional De Mexico in Guadalajara, Mexico, deposited approximately $4,124,565 in cash at Bank of America, San Diego, California. Money from these accounts was transfered to the Quintero accounts at RepublicBank, Houston and to related accounts at CitiBank, New York City.

38. During April and May of 1983 MARIA ENEDINA GARCIA delivered large amounts of currency to CESAR TORRES, LUCINDA TORRES, MARTIN ADAME, JAVIER TORRES, and GUADALUPE TORRES, JR. instructing them to purchase cashier's checks in sums of less than $10,000.00. During this same time period MARIA ENEDINA GARCIA, CESAR TORRES, LUCINDA TORRES, MARTIN ADAME,

15.

JAVIER TORRES, GUADALUPE TORRES, JR. and ARMANDO RODRIGUEZ

purchased approximately 60 cashiers checks with

approximately $537,000.00 in currency from the following

banks:

| | |
|---|---|
| Texas Commerce Bank, | McAllen, Texas |
| Central National Bank, | Pharr, Texas |
| First National Bank, | Edinburg, Texas |
| Franklin Savings, | Hidalgo County, Tx. |
| Hidalgo Savings and Loan, | Edinburg, Texas |
| McAllen State Bank, | McAllen, Texas |
| San Juan State Bank, | San Juan, Texas |
| Texas State Bank, | McAllen, Texas |
| Tropical Savings and Loan, | Pharr, Texas |
| Valley Federal Savings and Loan, | Hidalgo County, Texas |
| Valley National Bank, | McAllen, Texas |
| Lone Star National Bank, | Pharr, Texas |
| Security State Bank, | Pharr, Texas |
| Magic Valley Savings and Loan, | McAllen, Texas |
| Alamo Bank, | Alamo, Texas |

These cashier's checks were given to MARIA ENEDINA GARCIA.

39. In February, March, and April, 1983 JUAN FRANK GARCIA and

EMILIO QUINTERO-PAYAN possessed $3,750,000 in currency,

mostly twenties, in Hidalgo County, Texas.  JUAN FRANK

GARCIA and EMILIO QUINTERO-PAYAN deposited $2,750,000 at

METROPOLITAN NATIONAL BANK, Central National Bank and First

National Bank during this same time period.

40. In June of 1983 Central National Bank, METROPOLITAN NATIONAL

BANK and First National Bank funded $2,700,000 in loans.

16.

062175

The proceeds of these loans were placed in JUAN FRANK GARCIA and EPIGMENIO LEAL-PUENTES' joint accounts and were later withdrawn from the banks.  Some of the proceeds were used to purchase gold, while other proceeds were used to fund deposits at RepublicBank Houston.  Still other proceeds were distributed in cash to JUAN FRANK GARCIA and EPIGMENIO LEAL-PUENTES.

41. In April of 1983 JUAN FRANK GARCIA deposited $80,000 in currency, mostly twenties at Edinburg Teachers Credit Union.  This deposit was used to purchase a certificate of deposit which became collateral for a loan to EPIGMENIO LEAL-PUENTES in June of 1984.

42. During 1983 JAMES FOX, the then President of METROPOLITAN NATIONAL BANK, ordered that no Currency Transaction Report (CTR) be filed on the transactions of JUAN FRANK GARCIA at METROPOLITAN NATIONAL BANK.

43. During 1983 CARLOS BEHN and RAYMOND UGALDE, who was at the time a vice-president of RepublicBank Houston, designed a laundry scheme of $6,275,000 of JUAN JOSE QUINTERO-PAYAN'S and EMILIO QUINTERO-PAYAN'S funds on deposit in Texas and California banks.

44. In July 1983 CARLOS BEHN carried three cashier's checks, two of which were defaced by obliterating the name of JUAN

17.

QUINTERO as remitter, in the total sum of $6,275,000 to the Cayman Islands.  While there CARLOS BEHN caused the creation and establishment of EUROPEAN COMMODITIES, LTD., and CONTINENTAL RESOURCES, LTD.  CARLOS BEHN became an officer of both corporations.  In August of 1983 $6,275,000 was transferred by CARLOS BEHN from the Cayman Islands, to New York City and then to accounts at RepublicBank Houston established by CARLOS BEHN in the names of EUROPEAN COMMODITIES, LTD., and CONTINENTAL RESOURCES, LTD.

45.  From January through July, 1983, $5,231,725 in cash deposits, mostly twenties, were made by JUAN JOSE QUINTERO-PAYAN, CELINA QUINTERO and CARLOS BEHN into QUINTERO controlled accounts at RepublicBank Houston.  During this same period approximately $1,600,000 in other deposits were made into these accounts.  RAYMOND UGALDE assisted in these deposits.

46.  In July, 1983 approximately 314 acres of land near Tomball, Texas were purchased with a down payment of approximately $500,000 from the QUINTEROS' funds at RepublicBank.  The total purchase price of the land was approximately $2,500,000.  CARLOS BEHN became a co-owner of this land with JUAN JOSE and EMILIO QUINTERO-PAYAN.

18.

002177

47. From November, 1983 through January 1984 JUAN FRANK GARCIA,
    CARLOS BEHN, Jose Luis Cervantes and others unknown,
    assisted by RAYMOND UGALDE, deposited in excess of
    $5,400,000 in cash, mostly twenties, at Texas American Bank,
    Houston, Texas.  CARLOS BEHN and RAYMOND UGALDE falsefied
    the CTR's on four of these deposits.  The money was carried
    in suitcases and much of it was wrapped in multi-colored
    rubber bands.

48. From January, 1984 through July, 1985 MARIA ENEDINA GARCIA
    delivered approximately $300,000 in cash to CESAR TORRES,
    LUCINDA TORRES, ARMANDO RODRIGUEZ, MARTIN ADAME, JAVIER
    TORRES, and GUADALUPE TORRES,JR. instructing them to
    purchase cashier's checks in sums of less than $10,000.
    During this same period in excess of 30 cashier's checks
    were purchased by these persons and turned over to MARIA
    ENEDINA GARCIA.  Cashier's checks were purchased at the
    following banks:

    | Bank | Location |
    |---|---|
    | First National Bank, | Edinburg, Texas |
    | Central National Bank, | Pharr, Texas |
    | First State Bank, | Edinburg, Texas |
    | Metropolitan National Bank, | McAllen, Texas |
    | National Bank of Commerce, | Edinburg, Texas |
    | Valley Federal Savings and Loan, | Hidalgo County, Texas |
    | Franklin Savings, | Hidalgo County, Texas |
    | Hidalgo Savings and Loan, | Edinburg, Texas |
    | Lone Star National Bank, | Pharr, Texas |

19.

002178

|                              |                 |
|------------------------------|-----------------|
| San Juan State Bank,         | San Juan, Texas |
| Security State Bank,         | Pharr, Texas    |
| Tropical Savings and Loan,   | Pharr, Texas    |
| Valley National Bank,        | McAllen, Texas  |

49. During 1983, after the seizure of approximately 1,600 pounds of marihuana near Seguin, Texas, JUAN FRANK GARCIA delivered to LEONARDO PAYAN-QUINTERO approximately $300,000 in cash in Hidlago County, Texas.

50. From December 1981 through May 1982, and from January through July, 1983, JUAN FRANK GARCIA and JOSE F. MUNIZ, JR. used the residence at 20119 Pinehurst Trail, Humble, Texas as a storage/distribution point for marihuana and a collection point for marihuana payments.  During this period VALENTINE KALIE, Felix R. Garza, Jr., ANSELMO HERNANDEZ, SAMUEL BARNETT, JOSE LUIS CANTU and others made numerous visits to the Pinehurst Trail residence for the purpose of conducting marihuana transactions. On occasion as much as several hundred thousand dollars in cash would be stored by JUAN FRANK GARCIA and JOSE F. MUNIZ, JR. at Juan A. Rodriguez' home on Medicine Bow; marihuana was also stored at Rodriguez' home on several occasions.  Gilbert Hartmann delivered currency from marihuana sales at 20119 Pinehurst Trail to MARIA ENEDINA GARCIA in Hidalgo County.  GILBERTO CANTU, JOSE LUIS CANTU, JOSE F. MUNIZ, JR. JOHNNY AGUILAR,

20.

682179

JUAN FRANK GARCIA, Juan A. Rodriguez, SAUL MUNIZ, and others unknown worked at 20119 Pinehurst Trail in various capacities related to the distribution of marihuana.

51. Substantial sums of currency were counted at Pinehurst Trail during this period by VALENTINE KALIE, JOSE F. MUNIZ, JR. JUAN FRANK GARCIA, Gilbert Hartmann, SAUL MUNIZ, and JOHNNY AGUILAR, and Antonio Espinosa.

52. During this period JOSE F. MUNIZ, JR. on one occasion delivered approximately $2,000,000 in U.S. currency to persons from Mexico for marihuana supplied to him and JUAN FRANK GARCIA.

53. During the approximate period of August, 1983 through January, 1984 JUAN FRANK GARCIA instructed Gilbert Hartmann to drive approximately five loads of marihuana from Hidalgo County to Houston, Texas.  Hartmann picked up the marihuana at the residence of SANTOS GARCIA where both JUAN FRANK GARCIA and SANTOS GARCIA at various times helped load the marihuana into the vehicle used by Hartmann.  Upon arrival in the Houston, Texas area Hartamnn and JOSE F. MUNIZ, JR. or DELFINO CHAVIRA spoke via telephone to arrange the delivery of the marihuana.

54. From December 1983 through July 1984 JOSE LUIS CANTU rented the residence at 18306 Moss Forest Drive, Houston, Texas.

002100

Marihuana was stored at and money was collected at this residence.  On one occasion CARLOS LOSOYA, GILBERTO CANTU, and JOSE LUIS CANTU counted approximately $100,000 in currency at this location.  On another occasion DELFINO CHAVIRA brought currency to this location.

55.  In November of 1983, JUAN FRANK GARCIA, and JOSE LUIS CANTU purchased 19.2 acres near Dobbin, Texas for approximately $85,000.  In March, 1984, JUAN FRANK GARCIA and JOSE LUIS CANTU purchased an adjoining 13.8 acres for approximately $48,000.  JUAN FRANK GARCIA had title to both tracts placed in the name of "JOE" CANTU.  Following the November, 1983 purchase, in excess of $50,000 was invested by JUAN FRANK GARCIA and JOSE LUIS CANTU in the Dobbin tracts in various improvements.

56.  In October of 1983, JUAN FRANK GARCIA guaranteed a loan in the amount of $80,000 for JOSE DE JESUS PINEDA SANCHEZ at Central National Bank.  Later that same month JOSE DE JESUS PIÑEDA SANCHEZ flew a plane loaded with marihuana from Mexico to Duval County, Texas where he was arrested and the marihuana was seized.  In December of 1983, JUAN FRANK GARCIA, and MIKE REAL, posing as law enforcement officers, took possession of this marihuana from Duval County authorities.

22.

57. CARLOS CASTILLO paid off $20,000 of the above referenced loan with a cashier's check in March of 1984.

58. Starting in December, 1983, through approximately March of 1984, numerous loads of marihuana were distributed by JUAN FRANK GARCIA and JOSE LUIS CANTU from the Dobbin facility.

59. In December of 1983, JUAN FRANK GARCIA caused the distribution of approximately 5,000 pounds of marihuana to the driver of a rental truck.

60. From January through February, 1984, JUAN FRANK GARCIA caused numerous deposits of $9,900 to be made at METROPOLITAN NATIONAL BANK, Central National Bank and First National Bank.

61. During March of 1984, JUAN FRANK GARCIA used a cane to beat a person who owed money to JUAN FRANK GARCIA.

62. From 1981 and continuing through 1984 JUAN FRANK GARCIA purchased or caused the purchase of approximately $1,500,000 in gold from dealers in Texas and Arizona. Approximately $600,000 of this gold was stored by JUAN FRANK GARCIA and MARIA ENEDINA GARCIA at the home of Alejandro Garcia in Hidalgo County, Texas.

63. In April of 1984, some of the above referenced gold was stolen. In May of 1984, JUAN FRANK GARCIA, later assisted by SANTOS GARCIA and MIKE REAL, kidnapped Angelita Garcia

23.

and Hector Alaniz.   JUAN FRANK GARCIA beat Angelita Garcia
and water-tortured Hector Alaniz to determine the location
of the missing gold.   JUAN FRANK GARCIA threatened to
further torture both Angelita Garcia and Hector Alaniz and
threatened death to Alaniz's family unless they revealed to
GARCIA the location of the missing gold.

64. During 1984, Josefina Rodriguez and ARMANDO RODRIGUEZ made
available to JUAN FRANK GARCIA an unrecorded safety deposit
box at Franklin Savings, Mission, Texas, wherein JUAN FRANK
GARCIA stored currency, bonds, and other documents.

65. During 1984 JUAN FRANK GARCIA instructed Gilbert Hartmann to
deliver several loads of marihuana to ARMANDO MARTINEZ in
Chicago, Illinois.   Hartmann drove these loads from Texas
via Arkansas to Chicago where he delivered the marihuana to
ARMANDO MARTINEZ, AMANDA RIVERA, and CARLOS CASTILLO.   On
two of these occasions he used ARMANDO RODRIGUEZ' car
provided to him by JUAN FRANK GARCIA and ARMANDO RODRIGUEZ
for this purpose.

66. During the course of the conspiracy, approximately 40 banks
were utilized to hold, conceal and transfer proceeds of the
enterprise.

66A. During December of 1985 JOSE F. MUNIZ, JR. stored marijuana,
currency and guns at 312 Primrose, McAllen, Texas.

24.

002183

67. After the seizure of approximately 1600 pounds of marihuana in June of 1983 and continuing to the date of this indictment a series of threats and assaults occurred. They are as follows:

A. Following the Seguin seizure, EMILIO QUINTERO-PAYAN caused a threat to be made to the life of a person who had knowledge of the affairs of the enterprise, and the QUINTEROS' activities.

B. In or about September of 1984, JUAN JOSE QUINTERO-PAYAN and EMILIO QUINTERO-PAYAN caused the shooting and attempted murder of a person in Guadalajara, Mexico who was gathering information about the assets of JUAN JOSE QUINTERO-PAYAN and EMILIO QUINTRO-PAYAN. The shooting resulted in serious bodily injury.

C. In November of 1985 JUAN JOSE QUINTERO-PAYAN and EMILIO QUINTERO-PAYAN caused death threats to be made to a relative of a person with knowledge of the affairs of the QUINTEROS and the enterprise.

(Violation: Title 18, United States Code, Section 1962 (d)).

## FORFEITURE

That the Defendants, JUAN FRANK GARCIA, EMILIO QUINTERO-PAYAN, JUAN JOSE QUINTERO-PAYAN, CONTINENTAL RESOURCES, LTD.,

002184

EUROPEAN COMMODITIES, LTD., MILTON F. JONES, JOSE LUIS CANTU,

GILBERTO CANTU, SANTOS GARCIA, CARLOS BEHN, MARIA ENEDINA GARCIA,

LEONARDO PAYAN-QUINTERO, ARMANDO RODRIGUEZ, CELINA LEY

QUINTERO,AKA: CELINA LEY MACHADO, SAMUEL BARNETT, JOSE F.

MUNIZ,JR., and JULIAN VERA did conspire to conduct and

participate in the conduct of the affairs of the enterprise, as

previously defined in this Count, the activities of which did

affect interstate and foreign commerce, through a pattern of

racketeering activity in violation of Title 18, United States

Code, Section 1962(d) as alleged in Count One of this Indictment

which is hereby incorporated by reference.  Therefore all

interests of the Defendants acquired or maintained in violation

of Title 18, United States Code, Section 1962, and any interest

in, security of, claim against, or property, contractual right of

any kind of the Defendants affording them, individually or in

combination, a source of influence over the enterprise, as

previously defined, which they established, operated, controlled,

conducted, or participated in the conduct of, in violation of

Title 18, United States Code, Section 1962, and any property

constituting, or derived from, any proceeds which the Defendants

obtained, directly or indirectly from racketeering activity in

violation of Section 1962 are subject to forfeiture to the United

Ω02185

States of America pursuant to Title 18, United States Code, Section 1963(a), and the interests of the Defendants that are subject to forfeiture are specifically described in the NOTICE OF HOLDINGS SUBJECT TO FORFEITURE which appear in this Indictment after Count Two.

### COUNT TWO

That from an unknown date, believed to be in May, 1980, and continuously thereafter up to and including the date of this indictment, in the Western District of Texas and elsewhere

> JUAN JOSE QUINTERO-PAYAN
>
> EMILIO QUINTERO-PAYAN
>
> JUAN FRANK GARCIA
>
> LEONARDO PAYAN-QUINTERO
>
> JOSE F. MUNIZ, JR.
>
> SAMUEL BARNETT
>
> JESUS CARILLO-BARRAZA
>
> JOSE LUIS CANTU
>
> JULIAN VERA
>
> ALFONSO GONZALEZ
>
> MILTON F. JONES
>
> SANTOS GARCIA
>
> JOSE DE JESUS PINEDA SANCHEZ
>
> ARMANDO MARTINEZ

002186

CARLOS CASTILLO

AMANDA RIVERA

MIKE REAL

ALAN KENT CHESHIRE

DELFINO CHAVIRA

CARLOS LOSOYA

SAUL MUNIZ

GILBERTO CANTU

JOHNNY AGUILAR

VALENTINE KALIE

ANSELMO HERNANDEZ

ARMANDO RODRIGUEZ

CONTINENTAL RESOURCES, LTD.

EUROPEAN COMMODITIES, LTD.

CARLOS BEHN

RAYMOND UGALDE

JAMES FOX

METROPOLITAN NATIONAL BANK

CELINA LEY QUINTERO,

also known as Celina Ley Machado

EPIGMENIO LEAL-PUENTES

MARIA ENEDINA GARCIA

LUCINDA TORRES

002187

MARTIN ADAME

JAVIER TORRES

GUADALUPE TORRES, JR.

CESAR TORRES

ROBERT PRUITT, III

and CARLOS VERA

Defendants herein, being persons employed by and associated with
the enterprise as defined in Count One of this indictment which
was engaged in and the activities of which affected interstate
and foreign commerce did unlawfully, willfully, and knowingly
conduct and participate directly and indirectly in the conduct of
such enterprise's affairs through a pattern of racketeering
activity.

The pattern of racketeering activity, as defined by Title
18, United States Code, Sections 1961(1) and 1961(5), committed
by the Defendants in the conduct of the enterprise's affairs
consisted of acts of racketeering activity in violation of Title
18, United States Code, Sections 894 and 1952, and of Title 21,
United States Code, and Sections 841(a)(1), 846, 952, and Article
20.04, Texas Penal Code, as follows:

Racketeering Act No. 1.)

On or about a date, believed to be in 1981 in Fort
Worth, Texas in the Northern District of Texas, JUAN
FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did
knowingly, intentionally and unlawfully distribute
approximately 400 pounds of marihuana, a controlled

29.

002108

substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 2.)

On or about a date, believed to be in 1981 in Fort Worth, Texas in the Northern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully distribute approximately 400 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 3.)

On or about a date, believed to be in 1981 in Fort Worth, Texas in the Northern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully distribute approximately 400 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

002189

Racketeering Act No. 4.)

On or about a date, believed to be in 1981 in Fort Worth, Texas in the Northern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully distribute approximately 400 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 5.)

On or about a date, believed to be in 1981 in Fort Worth, Texas in the Northern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully distribute approximately 400 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 6.)

On or about a date, believed to be in 1981 in Fort Worth, Texas in the Northern District of Texas JUAN

002190

FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully distribute approximately 400 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 7.)

On or about a date, believed to be in 1981 in Fort Worth, Texas in the Northern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully distribute approximately 400 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 8.)

On or about a date, believed to be in 1981 in Dallas, Texas in the Northern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully distribute approximately 400 pounds of marihuana, a controlled

32.

substance under Schedule I of the Controlled Substances
Act of 1970 in violation of 21 United States Code,
Section 841 (a)(1) and 18 United States Code, Section
2.

Racketeering Act No. 9.)

On or about a date, believed to be in 1981 in Dallas,
Texas in the Northern District of Texas JUAN FRANK
GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did
knowingly, intentionally and unlawfully distribute
approximately 400 pounds of marihuana, a controlled
substance under Schedule I of the Controlled Substances
Act of 1970 in violation of 21 United States Code,
Section 841 (a)(1) and 18 United States Code, Section
2.

Racketeering Act No. 10.)

On or about a date, believed to be in 1981 in Dallas,
Texas in the Northern District of Texas JUAN FRANK
GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did
knowingly, intentionally and unlawfully distribute
approximately 400 pounds of marihuana, a controlled
substance under Schedule I of the Controlled Substances
Act of 1970 in violation of 21 United States
Code,Section 841 (a)(1) and 18 United States Code,
Section 2.

002192

Racketeering Act No. 11.)

On or about a date, believed to be in 1981 in Dallas, Texas in the Northern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully distribute approximately 400 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 12.)

On or about a date, believed to be in 1981 in Dallas, Texas in the Northern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully distribute approximately 400 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 13.)

On or about a date, believed to be in 1981 in Dallas, Texas in the Northern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully distribute approximately 400 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 14.)

On or about a date, believed to be in 1981 in Houston, Texas in the Southern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully possess with intent to distribute approximately 300 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 15.)

On or about a date, believed to be in 1981 in Houston, Texas in the Southern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully possess with

062194

intent to distribute approximately 300 pounds of
marihuana, a controlled substance under Schedule I of
the Controlled Substances Act of 1970 in violation of
21 United States Code, Section 841 (a)(1) and 18 United
States Code, Section 2.

Racketeering Act No. 16.)

On or about a date, believed to be in 1981 in Houston,
Texas in the Southern District of Texas JUAN FRANK
GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did
knowingly, intentionally and unlawfully possess with
intent to distribute approximately 300 pounds of
marihuana, a controlled substance under Schedule I of
the Controlled Substances Act of 1970 in violation of
21 United States Code, Section 841 (a)(1)  and 18
United States Code, Section 2.

Racketeering Act No. 17.)

On or about a date, believed to be in 1981 in Houston,
Texas in the Southern District of Texas JUAN FRANK
GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did
knowingly, intentionally and unlawfully possess with
intent to distribute approximately 300 pounds of
marihuana, a controlled substance under Schedule I of
the Controlled Substances Act of 1970 in violation of
21 United States Code, Section 841 (a)(1) and 18 United
States Code, Section 2.

002195

Racketeering Act No. 18.)

On or about a date, believed to be in 1981 in Houston, Texas in the Southern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully possess with intent to distribute approximately 300 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 19.)

On or about a date, believed to be in 1981 in the Southern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully possess with intent to distribute approximately 400 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 20.)

On or about a date, believed to be in 1981 in the Southern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully possess with intent to

002196

distribute approximately 400 pounds of marihuana, a
controlled substance under Schedule I of the Controlled
Substances Act of 1970 in violation of 21 United States
Code, Section 841 (a)(1) and 18 United States Code,
Section 2.

Racketeering Act No. 21.)

On or about a date, believed to be in 1981 in Abilene,
Texas in the Northern District of Texas JUAN FRANK
GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did
knowingly, intentionally and unlawfully distribute
approximately 400 pounds of marihuana, a controlled
substance under Schedule I of the Controlled Substances
Act of 1970 in violation of 21 United States Code,
Section 841 (a)(1) and 18 United States Code, Section
2.

Racketeering Act No. 22.)

On or about a date, believed to be in 1981 in Abilene,
Texas in the Northern District of Texas JUAN FRANK
GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did
knowingly, intentionally and unlawfully distribute
approximately 400 pounds of marihuana, a controlled
substance under Schedule I of the Controlled Substances
Act of 1970 in violation of 21 United States Code,
Section 841 (a)(1) and 18 United States Code, Section
2.

002197

Racketeering Acts Nos. 1 through 22 occured on
different dates during 1981 and represent different
episodes.

Racketeering Act No. 23.)

On or about a date, believed to be in 1982, in the
Southern District of Texas JUAN FRANK GARCIA, ALAN KENT
CHESHIRE and others did knowingly, intentionally and
unlawfully import into the United States from Mexico
approximately 700 pounds of marihuana, a controlled
substance under Schedule I of the Controlled Substances
Act of 1970 in violation of 21 United States Code,
Section 952 and 18 United States Code, Section 2.
After the importation occurred, in the Southern
District of Texas, near Katy, Texas and thereafter in
Huffman, Texas JUAN FRANK GARCIA, ALAN KENT CHESHIRE
and others knowingly, intentionally and unlawfully
possessed with intent to distribute approximately 700
pounds of marihuana, a controlled substance under
Schedule I of the Controlled Substances Act of 1970 in
violation of 21 United States Code, Section 841(a)1 and
18 Unted States Code, Section 2.

39.

002198

Racketeering Act No. 24.)

On or about a date, believed to be in January, 1981 in the Southern District of Texas JUAN FRANK GARCIA did knowingly, intentionally and unlawfully import into the United States from about 160 miles north of Chihuahua, Chihuahua, Mexico approximately 1500 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 952 and 18 United States Code, Section 2.

Racketeering Act No. 25.)

On or about a date, believed to be in January, 1981 in the Southern District of Texas JUAN FRANK GARCIA did knowingly, intentionally and unlawfully import into the United States from about 160 miles north of Chihuahua, Chihuahua, Mexico approximately 1500 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 952 and 18 United States Code, Section 2.

Racketeering Acts Nos. 24 and 25 occurred on different dates and represent different episodes.

602199

Racketeering Act No. 26.)

On or about a date, believed to be in January, 1981
near Premont, Texas and in Huffman, Texas in the
Southern District of Texas JUAN FRANK GARCIA, JULIAN
VERA, SAMUEL BARNETT, JOSE LUIS CANTU and ALAN KENT
CHESHIRE did knowingly, intentionally and unlawfully
posses with intent to distribute approximately 800
pounds of marihuana, a controlled substance under
Schedule I of the Controlled Substances Act of 1970 in
violation of 21 United States Code, Section 841 (a)(1)
and 18 United States Code, Section 2.

Racketeering Act No. 27.)

On or about a date, believed to be in February, 1981 in
the Southern District of Texas JUAN FRANK GARCIA did
knowingly, intentionally and unlawfully import into the
United States from near Guadalajara, Mexico
approximately 1500 pounds of marihuana, a controlled
substance under Schedule I of the Controlled Substances
Act of 1970 in violation of 21 United States Code,
Section 952 and 18 United States Code, Section 2.

Racketeering Act No. 28.)

On or about a date, believed to be in February, 1981 in
the Southern District of Texas JUAN FRANK GARCIA did
knowingly, intentionally and unlawfully import into the

002200

United States from Zacatecas, Mexico approximately 1500
pounds of marihuana, a controlled substance under
Schedule I of the Controlled Substances Act of 1970 in
violation of 21 United States Code, Section 952 and 18
United States Code, Section 2.

Racketeering Act No. 29.)

On or about a date, believed to be in 1981 in Fort
Worth, Texas in the Northern District of Texas JUAN
FRANK GARCIA and JOSE F. MUNIZ, JR. did knowingly,
intentionally and unlawfully distribute approximately
600 pounds of marihuana, a controlled substance under
Schedule I of the Controlled Substances Act of 1970 in
violation of 21 United States Code, Section 841 (a)(1)
and 18 United States Code, Section 2.

Racketeering Act No. 30.)

On or about a date, believed to be in 1981 in Fort
Worth, Texas in the Northern District of Texas JUAN
FRANK GARCIA and JOSE F. MUNIZ, JR. did knowingly,
intentionally and unlawfully distribute approximately
600 pounds of marihuana, a controlled substance under
Schedule I of the Controlled Substances Act of 1970 in
violation of 21 United States Code, Section 841
(a)(1)  and 18 United States Code, Section 2.
Racketeering Acts Nos. 29 and 30 occurred on different
dates and represent different episodes.

002201

Racketeering Act No. 31.)

On or about a date, believed to be in 1981, near
Premont, Texas in the Southern District of Texas SAMUEL
BARNETT, MILTON F. JONES and JULIAN VERA did knowingly,
intentionally and unlawfully possess with intent to
distribute approximately 500 pounds of marihuana, a
controlled substance under Schedule I of the Controlled
Substances Act of 1970 in violation of 21 United States
Code, Section 841 (a)(1) and 18 United States Code,
Section 2.

Racketeering Act No. 32.)

On or about a date, believed to be May of 1981 near
Premont, Texas in the Southern District of Texas JUAN
FRANK GARCIA, JOSE F. MUNIZ, JR. and ALAN KENT CHESHIRE
did knowingly, intentionally and unlawfully possess
with intent to distribute approximately 700 pounds of
marihuana, a controlled substance under Schedule I of
the Controlled Substances Act of 1970 in violation of
21 United States Code, Section 841 (a)(1) and 18 United
States Code, Section 2.

Racketeering Act No. 33.)

On or about a date, believed to be in November, 1981 in
the Southern District of Texas JUAN FRANK GARCIA and
SAMUEL BARNETT did knowingly, intentionally and
unlawfully distribute approximately 100,000 dosage

C02202

43.

units of methaqualone, a controlled substance under Schedule II of the Controlled Substances Act of 1970, and approximately 500 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 34)

On or about a date, belived to be in 1982 in the Western District of Texas near Floresville, JUAN FRANK GARCIA and JESUS CARILLO-BARRAZA did knowingly, intentionally and unlawfully possess with intent to distribute approximately 400 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841(a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 35)

On or about a date, believed to be in 1982 in the Western District of Texas, near Floresville JUAN FRANK GARCIA and JESUS CARILLO-BARRAZA did knowingly, intentionally and unlawfully possess with intent to distribute approximately 400 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841(a)(1) and 18 United States Code, Section 2.

092203

44.

Racketeering Acts Nos. 34 and 35 occurred on different and represent different episodes.

Racketeering Act No. 36.)

On or about a date, believed to be in 1982 at 20119 Pinehurst Trail, Humble, Texas in the Southern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully possess with intent to distribute approximately 300 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 37.)

On or about a date, believed to be in 1982 at 20119 Pinehurst Trail, Humble, Texas in the Southern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully possess with intent to distribute approximately 300 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

45.

002204

Racketeering Act No. 38.)

On or about a date, believed to be in 1982 at 20119 Pinehurst Trail, Humble, Texas in the Southern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully possess with intent to distribute approximately 300 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 39.)

On or about a date, believed to be in 1982 at 20119 Pinehurst Trail, Humble, Texas in the Southern District of Texas JUAN FRANK GARCIA, SAMUEL BARNETT and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully possess with intent to distribute approximately 300 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Acts Nos. 37,38 and 39 occurred on different dates and represented different episodes.

002205

Racketeering Act No. 40.)

On or about a date, believed to be in 1982 near
Premont, Texas and at 20119 Pinehurst Trail, Humble,
Texas in the Southern District of Texas JUAN FRANK
GARCIA, JULIAN VERA, JOSE F. MUNIZ, JR., MILTON F.
JONES and SAMUEL BARNETT did knowingly, intentionally
and unlawfully possess with intent to distribute a
quantity of marihuana, a controlled substance under
Schedule I of the Controlled Substances Act of 1970 in
violation of 21 United States Code, Section 841 (a)(1)
and 18 United States Code, Section 2.

Racketeering Act No. 41.)

On or about a date, believed to be in 1982 in the
Southern District of Texas JUAN FRANK GARCIA, MILTON F.
JONES, SAMUEL BARNETT, ALAN KENT CHESHIRE, JESUS
CARILLO-BARRAZA, SAUL MUNIZ, ROBERT PRUITT, III, and
JOHNNY AGUILAR did knowingly, intentionally and
unlawfully import into the United States from Mexico
approximately 16,000 pounds of marihuana, a controlled
substance under Schedule I of the Controlled Substances
Act of 1970 in violation of 21 United States Code,
Section 952 and 18 United States Code, Section 2.
Thereafter, on or about a date, believed to be in 1982
near Katy, Texas, Huffman, Texas, 20119 Pinehurst
Trail, Humble, Texas, 19914 Medicine Bow, Humble, Texas
and near Trinity, Texas in the Southern District of

692206

Texas JUAN FRANK GARCIA, MILTON F. JONES, SAMUEL
BARNETT, ALAN KENT CHESHIRE and JESUS CARILLO-BARRAZA,
SAUL MUNIZ ,JOSE F. MUNIZ, JR. ,JOHNNY AGUILAR, and
ROBERT PRUITT, III, aided and abetted by Juan A.
Rodriguez did knowingly, intentionally and unlawfully
possess with intent to distribute approximately 16,000
pounds of marihuana, a controlled substance under
Schedule I of the Controlled Substances Act of 1970 in
violation of 21 United States Code, Section 841 (a)(1)
and 18 United States Code, Section 2.

Thereafter, on or about a date, believed to be in 1982
in the Southern District of Texas JUAN FRANK GARCIA,
GILBERTO CANTU, JOSE LUIS CANTU, SAUL MUNIZ, JOSE F.
MUNIZ, JR. and JOHNNY AGUILAR, aided and abetted by
Juan A. Rodriguez, did knowingly, intentionally and
unlawfully distribute approximately 16,000 pounds of
marihuana, a controlled substance under Schedule I of
the Controlled Substances Act of 1970 in violation of
21 United States Code, Section 841 (a)(1) and 18 United
States Code, Section 2.

Racketeering Act No. 41(A)

On or about a date, believed to be in 1982 in the
Southern District of Texas JUAN FRANK GARCIA, CARLOS
VERA, JOHNNY AGUILAR, ALAN KENT CHESHIRE, AND

602207

ROBERT PRUITT, III did knowingly, intentionally and
unlawfully import into the United States from Mexico
approximately 500-700 pounds of marihuana, a controlled
substance under Schedule I of the Controlled Substances
Act of 1970, in violation of 21 United States Code,
Section 952 and 18 United States Code, Section 2.
Thereafter, on or about a date beleived to be in 1982
in the Southern District of Texas JUAN FRANK GARCIA,
JOSE F. MUNIZ, JR., SAMUEL BARNETT, JULIAN VERA,
CAROLOS VERA, JOHNNY AGUILAR, ALAN KENT CHESHIRE,
MILTON F. JONES, ROBERT PRUITT, III, and SAUL MUNIZ did
knowingly, intentionally and unlawfully possess with
intent to distribute approximately 500-700 pounds of
marihuana a controlled substance under Schedule I of
the Controlled Substances Act of 1970 in violation of
21 United States Code Section 841(a)(1) and 18 United
States Code Section 2.

Racketeering Act No. 41(B)

On or about a date, believed to be 1982 in the Southern
District of Texas JUAN FRANK GARCIA, CARLOS VERA,
JOHNNY AGUILAR, ALAN KENT CHESHIRE,and ROBERT PRUITT,
III did knowingly, intentionally and unlawfully import
into the United States from Mexico approximately 500-
700 pounds of marihuana, a controlled substance under

602208

Schedule1 I of the Controlled Substances Act of 1970,
in violation of the United States Code, Section 952 and
18 United States Code, Section 2.

Thereafter, on or about a date beleived to be in 1982
in the Southern District of Texas JUAN FRANK GARCIA,
JOSE F. MUNIZ, JR., SAMUEL BARNETT, JULIAN VERA, CARLOS
VERA, JOHNNY AGUILAR, ALAN KENT CHESHIRE, MILTON F.
JONES, ROBERT PRUITT, III, and SAUL MUNIZ did
knowingly, intentionally and unlawfully possess with
intent to distribute approximately 500-700 pounds of
marihuana a controlled substance under Schedule I of
the Controlled Substances Act of 1970 in violation of
21 United States Code Section 841(a)(1) and 18 United
States Code Section 2.

Racketeering Act No. 41(C)

On or about a date, believed to be 1982 in the Southern
District of Texas JUAN FRANK GARCIA, CARLOS VERA,
JOHNNY AGUILAR, ALAN KENT CHESHIRE, and ROBERT PRUITT,
III did knowingly, intentionally and unlawfully import
into the United States from Mexico approximately 500-
700 pounds of marihuana, a controlled substance under
Schedule I of the Controlled Substances Act of 1970, in
violation of the United States Code, Section 952 and 18
United States Code, Section 2.

002209

Thereafter, on or about a date beleived to be in 1982
in the Southern District of Texas JUAN FRANK GARCIA,
JOSE F. MUNIZ, JR., SAMUEL BARNETT, JULIAN VERA, CARLOS
VERA, JOHNNY AGUILAR, ALAN KENT CHESHIRE, MILTON F.
JONES, ROBERT PRUITT, III and SAUL MUNIZ did knowingly,
intentionally and unlawfully possess with intent to
distribute approximately 500-700 pounds of marihuana a
controlled substance under Schedule I of the Controlled
Substances Act of 1970 in violation of 21 United States
Code Section 841(a)(1) and 18 United States Code
Section 2.

Racketeering Acts 41(A), 41(B) and 41(C) occurred on different
dates and represent different episodes.

Racketeering Act No. 42.)

On or about a date, believed to be in the year 1983
near Premont, Texas and later at 22203 LeConte, Spring,
Texas in the Southern District of Texas JOSE LUIS CANTU
did knowingly, intentionally and unlawfully possess
with intent to distribute approximately 500 pounds of
marihuana, a controlled substance under Schedule I of
the Controlled Substances Act of 1970 in violation of
21 United States Code, Section 841 (a)(1) and 18 United
States Code, Section 2.

Racketeering Act No. 43.)    deleted

48.

Racketeering Act No. 44.)

On or about a date, believed to be in the year 1982 at
20119 Pinehurst Trail, Humble, Texas in the Southern
District of Texas MILTON F. JONES, SAMUEL BARNETT and
ANSELMO HERNANDEZ did knowingly, intentionally and
unlawfully possess with intent to distribute a quantity
of marihuana, a controlled substance under Schedule I
of the Controlled Substances Act of 1970 in violation
of 21 United States Code, Section 841 (a)(1) and 18
United States Code, Section 2.

092211

Racketeering Act No. 45.)

On or about a date, believed to be in 1982 at 22203
LeConte, Spring, Texas in the Southern District of
Texas JUAN FRANK GARCIA, DELFINO CHAVIRA and CARLOS
LOSOYA did knowingly, intentionally and unlawfully
possess with intent to distribute approximately 3,000
pounds of marihuana, a controlled substance under
Schedule I of the Controlled Substances Act of 1970 in
violation of 21 United States Code, Section 841 (a)(1)
and 18 United States Code, Section 2.

Racketeering Act No. 46.)

On or about a date, believed to be in 1983 at 22203
LeConte, Spring, Texas in the Southern District of
Texas JUAN FRANK GARCIA, DELFINO CHAVIRA and CARLOS
LOSOYA did knowingly, intentionally and  unlawfully
possess with intent to distribute approximately 3,000
pounds of marihuana, a controlled substance under
Schedule I of the Controlled Substances Act of 1970 in
violation of 21 United States Code, Section 841 (a)(1)
and 18 United States Code, Section 2.

Racketeering Acts Nos. 45 and 46 occurred on different
dates and represent different episodes.

002212

Racketeering Act No. 47.)

        In or about December, 1982 JUAN JOSE QUINTERO-PAYAN, CELINA LEY QUINTERO, A/K/A CELINA LEY MACHADO, and CARLOS BEHN did knowingly and intentionally travel in foreign commerce from Mexico to San Diego, California in the Southern District of California with intent to distribute the proceeds of an unlawful activity, to wit: a conspiracy to distribute marihuana and to possess marihuana with intent to distribute in violation of 21 United States Code, Section 846, and with the intent to otherwise facilitate the promotion, management, establishment, and carrying activity and did thereafter distribute approximately $1,800,000 in cash proceeds of the aforecited unlawful activity and did facilitate the promotion, management, establishment and carrying on of the aforecited unlawful activity, in violation of 18 United States Code, Section 1952 and 18 United States Code, Section 2.

Racketeering Act No. 48.)

        On or about a date, believed to be in 1983 in Hidalgo County, Texas and later in Houston, Texas in the Southern District of Texas JUAN FRANK GARCIA, DELFINO CHAVIRA, and JOSE LUIS CANTU did knowingly, intentionally and unlawfully possess with intent to distribute in a boat approximately 600 pounds of marihuana, a controlled substance under Schedule I

062213

of the Controlled Substances Act of 1970 in violation
of 21 United States Code, Section 841 (a)(1) and 18
United States Code, Section 2.

Racketeering Act No. 49.)

On or about a date, believed to be in 1983 at 22203
LeConte, Spring, Texas in the Southern District of
Texas JUAN FRANK GARCIA, DELFINO CHAVIRA and CARLOS
LOSOYA did knowingly, intentionally and unlawfully
possess with intent to distribute approximately 3000
pounds of marihuana, a controlled substance under
Schedule I of the Controlled Substances Act of 1970 in
violation of 21 United States Code, Section 841 (a)(1)
and 18 United States Code, Section 2.

Racketeering Acts Nos. 45 46, and 49 occurred on
different dates and represent different epsiodes.

Racketeering Act No. 50

On or about a date, believed to be in 1983 in the
Southern District of Texas VALENTINE KALIE did
knowingly, intentionally and unlawfully possess with
intent to distribute a quantity of marihuana, a
controlled substance under Schedule I of the Controlled
Substances Act of 1970 in violation of 21 United States
Code, Section 841(a)(1).

52.

Racketeering Act No. 51

On or about a date, believed to be in 1983 in the
Southern District of Texas VALENTINE KALIE knowingly,
intentionally and unlawfully possessed with intent to
distribute a quantity of marihuana, a controlled
substance under Schedule I of the Controlled Substances
Act of 1970 in violation of 21 United States Code,
Section 841(a)(1).

Racketeering Act No. 52

On or about a date, believed to be in 1983 in the
Southern District of Texas VALENTINE KALIE knowingly,
intentionally and unlawfuly possessed with intent to
distributed a quantity of marihuana, a controlled
substance under Schedule I of the Controlled Substances
Act of 1970 in violation of 21 United States Code,
Section 841(a)(1).

Racketeering Acts Nos.50, 51, and 52 occurred on
different dates and represent different episodes.

Racketeering Act No. 53.)

In or about January, 1983 JUAN JOSE QUINTERO-PAYAN,
CELINA LEY QUINTERO, A/K/A CELINA LEY MACHADO and
CARLOS BEHN did knowingly and intentionally travel in
foreign commerce from Mexico to San Diego, California,
in the Southern District of California, with intent to
distribute the proceeds of an unlawful activity, to
wit: a conspiracy to distribute marihuana and to

53.

possess marihuana with intent to distribute in violation of 21 United States Code, Section 846, and with the intent to otherwise facilitate the promotion, management, establishment, and carrying on of theaforecited unlawful activity and did thereafter distribute $838,930 in cash proceeds of the aforecited unlawful activity and did facilitate the promotion, management, establishment and carrying on of the aforecited unlawful activity, in violation of 18 United States Code, Section 1952 and 18 United States Code, Section 2.

Racketeering Act No. 54.)

In or about February, 1983 JUAN JOSE QUINTERO-PAYAN, CELINA LEY QUINTERO, AKA CELINA LEY MACHADO, CARLOS BEHN, aided and abetted by each other and by RAYMOND UGALDE did knowingly and intentionally travel in foreign commerce from Mexico to the Southern District of Texas with intent to distribute the proceeds of an unlawful activity, to wit: a conspiracy to distribute marihuana and to possess marihuana with intent to distribute in violation of 21 United States Code, Section 846, and with the intent to otherwise facilitate the promotion, management, establishment,

54.

662216

and carrying on of the aforecited unlawful activity and did thereafter distribute approximately $1,843,860 in cash proceeds of the aforecited unlawful activity and did facilitate the promotion, management, establishment and carrying on of the aforecited unlawful activity, in violation of 18 United States Code, Section 1952 and 18 United States Code, Section 2.

Racketeering Act No. 55.)

On or about February 9, 1983 EMILIO QUINTERO-PAYAN, aided and abetted by JUAN FRANK GARCIA did knowingly and intentionally travel in foreign commerce from Mexico to Hidalgo County, Texas, in the Southern District of Texas, with intent to distribute the proceeds of an unlawful activity, to wit:  a conspiracy to distribute marihuana and to possess marihuana with intent to distribute in violation of 21 United States Code, Section 846, and with the intent to otherwise facilitate the promotion, management, establishment, and carrying on of the aforecited unlawful activity and did thereafter distribute approximately $1,000,000, in cash proceeds of the aforecited unlawful activity and did facilitate the promotion, management, establishment

55.

002217

and carrying on of the aforecited unlawful activity, in
violation of 18 United States Code, Section 1952 and 18
United States Code, Section 2.

Racketeering Act No. 56.)

On or about February 14, 1983 EMILIO QUINTERO-PAYAN
aided and abetted by JUAN FRANK GARCIA did knowingly
and intentionally travel in foreign commerce from
Mexico to Hidalgo County, Texas, in the Southern
District of Texas, with intent to distribute the
proceeds of an unlawful activity, to wit:  a conspiracy
to distribute marihuana and to possess marihuana with
intent to distribute in violation of 21 United States
Code, Section 846, and with the intent to otherwise
facilitate the promotion, management, establishment,
and carrying on of the aforecited unlawful activity and
did thereafter distribute approximately $1,000,000 in
cash proceeds of the aforecited unlawful activity and
did facilitate the promotion, management, establishment
and carrying on of the aforecited unlawful activity, in
violation of 18 United States Code, Section 1952 and 18
United States Code, Section 2.

56.

692218

Racketeering Act No. 57.)

On or about March 10, 1983 EMILIO QUINTERO-PAYAN aided and abetted by JUAN FRANK GARCIA did knowingly and intentionally travel in foreign commerce from Mexico to the Southern District of Texas, with intent to distribute the proceeds of an unlawful activity, to wit: a conspiracy to distribute marihuana and to possess marihuana with intent to distribute in violation of 21 United States Code, Section 846, and with the intent to otherwise facilitate the promotion, management, establishment, and carrying on of the aforecited unlawful activity and did thereafter distribute approximately $750,000 in cash proceeds of the aforecited unlawful activity and did facilitate the promotion, management, establishment and carrying on of the aforecited unlawful activity, in violation of 18 United States Code, Section 1952 and 18 United States Code, Section 2.

Racketeering Act No. 58.)

On or about March 10, 1983 EMILIO QUINTERO-PAYAN, JUAN JOSE QUINTERO-PAYAN, CELINA QUINTERO, AKA, CELINA LEY MACHADO and CARLOS BEHN aided and abetted by JUAN FRANK GARCIA and RAYMOND UGALDE did knowingly and intentionally travel in foreign commerce from Mexico to

57.

002219

the Southern District of Texas with intent to distribute the proceeds of an unlawful activity, to wit: a conspiracy to distribute marihuana and to possess marihuana with intent to distribute in violation of 21 United States Code, Section 846, and with the intent to otherwise facilitate the promotion, management, establishment, and carrying on of the aforecited unlawful activity and did thereafter distribute approximately $2,903,685 in cash proceeds of the aforecited unlawful activity and did facilitate the promotion, management, establishment and carrying on of the aforecited unlawful activity, in violation of 18 United States Code, Section 1952 and 18 United States Code, Section 2.

Racketeering Act No. 59.)

On or about March 21, 1983 JUAN JOSE QUINTERO-PAYAN, CELINA LEY QUINTERO, A/K/A/, CELINA LEY MACHADO, AND CARLOS BEHN did knowingly and intentionally travel in foreign commerce from Mexico to San Diego, California, in the Southern District of California, with intent to distribute the proceeds of an unlawful activity, to wit:  a conspiracy to distribute marihuana and to possess marihuana with intent to distribute in violation of 21 United States Code, Section 846, and

002220

with the intent to otherwise facilitate the promotion,
management, establishment, and carrying on of the
aforecited unlawful activity and did thereafter
distribute approximately $1,485,635 in cash proceeds of
the aforecited unlawful activity and did facilitate the
promotion, management, establishment and carrying on of
the aforecited unlawful activity, in violation of 18
United States Code, Section 1952 and 18 United States
Code, Section 2.

Racketeering Act No. 60)

In or about April of 1983, in the Southern District of
Texas, MARIA ENEDINA GARCIA, LUCINDA TORRES, MARTIN
ADAME, JAVIER TORRES, CESAR TORRES, and GUADALUPE
TORRES, JR. knowingly, intentionally, and unlawfully
aided and abetted the distribution by JUAN FRANK GARCIA
of approximately $537,000 of marihuana, a controlled
substance under Schedule I of the Controlled Substances
Act of 1970 in violation of 21 United States Code,
Section 841(a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 61.)

On or about May 5, 1983, JESUS CARILLO-BARRAZA did
knowingly and intentionally cause a person to travel in
foreign commerce from Mexico to San Antonio, Texas, in
the Western District of Texas, whereby JESUS CARILLO-
BARRAZA intended to distribute the proceeds of and

59.

002221

unlawful activity, to wit: a conspiracy to distribute
marihuana and possess marihuana with intent to
distribute in violation of 21 United States Code,
Section 846, and with intent to otherwise facilitate
the promotion, management, establihsment and carrying
on of the aforecited unlawful activity and did
thereafter cause the distribution of approximately
$565,146 in cash proceeds of the aforecited unlawful
activity and facilitate the promotion, management,
establishment and carrying on of the aforecited
unlawful activity, in violation of 18 United States
Code, Section 1952 and 18 United States Code, Section
2.

Racketeering Act No. 62.)

On or about April 26, 1983 EMILIO QUINTERO-PAYAN, aided
and abetted by JUAN FRANK GARCIA did knowingly and
intentionally travel in foreign commerce from Mexico to
Hidalgo County, Texas, in the Southern District of
Texas, with intent to distribute the proceeds of an
unlawful activity, to wit:  a conspiracy to distribute
marihuana and to possess marihuana with intent to
distribute in violation of 21 United States Code,
Section 846, and with the intent to otherwise
facilitate the promotion, management, establishment,

60.

002222

and carrying on of the aforecited unlawful activity and
did thereafter distribute approximately $380,000 in
cash proceeds of the aforecited unlawful activity and
did facilitate the promotion, management, establishment
and carrying on of the aforecited unlawful activity, in
violation of 18 United States Code, Section 1952 and 18
United States Code, Section 2.

Racketeering Act No. 63.)

On or about a date, believed to be in May of 1983 in
the Western District of Texas JUAN FRANK GARCIA, JESUS
CARILLO-BARAZZA and ALFONSO GONZALEZ did knowingly,
intentionally and unlawfully possess with intent to
distribute approximately 1200 pounds of marihuana, a
controlled substance under Schedule I of the Controlled
Substances Act of 1970 in violation of 21 United Sates
Code, Section 841(a)(1) and 18 United Sates Code,
Section 2.

Racketeering Act No. 64.)

In or about May, 1983 in the Western District of Texas
JESUS CARILLO-BARRAZA, JUAN FRANK GARCIA, LEONARDO
PAYAN-QUINTERO, and ALFONSO GONZALEZ did knowingly,
intentionally and unlawfully possess with intent to
distribute approximately 1200 pounds of marihuana, a
controlled substance under Schedule I of the Controlled
Substances Act of 1970 in violation of 21 United States
Code, Section 841 (a)(1) and 18 United States Code,
Section 2.

002223

Racketeering Acts Nos. 63 and 64 occurred on different dates

and represent different episodes.

Racketeering Act No. 65.)

> On or about a date, believed to be in 1983 in the
> Southern District of Texas, DELFINO CHAVIRA and JOSE F.
> MUNIZ, JR. did knowingly, intentionally and unlawfully
> possess with intent to distribute approximately 1200
> pounds of marihuana, a controlled substance under
> Schedule I of the Controlled Substances Act of 1970 in
> violation of 21 United States Code, Section 841(a)(1)
> and 18 United States Code, Section 2.

Racketeering Act No. 66.)

> On or about May 12, 1983 JUAN JOSE QUINTERO-PAYAN,
> CELINA LEY QUINTERO, A/K/A/, CELINA LEY MACHADO, AND
> CARLOS BEHN, aided and abetted by RAYMOND UGALDE did
> knowingly and intentionally travel in foreign commerce
> from Mexico to Houston, Texas, in the Southern District
> of Texas, with intent to distribute the proceeds of an
> unlawful activity, to wit:  a conspiracy to distribute
> marihuana and to possess marihuana with intent to
> distribute in violation of 21 United States Code,
> Section 846, and with the intent to otherwise
> facilitate the promotion, management, establishment,
> and carrying on of the aforecited unlawful activity and
> did thereafter distribute approximately $325,030 in
> cash proceeds of the aforecited unlawful activity and
> did facilitate the promotion, management, establishment

602224

and carrying on of the aforecited unlawful activity, in violation of 18 United States Code, Section 1952 and 18 United States Code, Section 2.

Racketeering Act No. 67.)

On or about June 6, 1983 in the Western District of Texas, JUAN FRANK GARCIA, LEONARDO PAYAN-QUINTERO, ALFONSO GONZALEZ, and JOSE F. MUNIZ, JR., aided and abetted by JOHNNY AGUILAR and others did knowingly, intentionally and unlawfully possess with intent to distribute approximately 1200 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1) and 18 United States Code, Section 2.

Racketeering Acts Nos. 65, 66, and 67 occurred on different dates and represent different episodes.

Racketeering Act No. 67A.)

On or about June 6, 1983 in the Western District of Texas, ALFONSO GONZALEZ did knowingly, intentionally and unlawfully possess with intent to distribute approximately 370 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841 (a)(1).

63.

002225

Racketeering Act No. 68.)

In or about June of 1983 EPIGMENIO LEAL-PUENTES did knowingly and intentionally travel in foreign commerce from Mexico to Hidalgo County in the Southern District of Texas with intent to distribute the proceeds of an unlawful activity, to wit:  a conspiracy to distribute marihuana and to possess marihuana with intent to distribute in violation of 21 United States Code, Section 846, and with the intent to otherwise

602226

facilitate the promotion, management, establishment,
and carrying on of the aforecited unlawful activity and
did thereafter distribute the proceeds of the
aforecited unlawful activity and facilitate the
promotion, management, establishment and carrying on of
the aforecited unlawful activity, in violation of 18
United States Code, Section 1952 and 18 United States
Code, Section 2.

Racketeering Act No. 69.)

On or about June 22, 1983 JAMES FOX and METROPOLITAN
NATIONAL BANK in the Southern District of Texas
knowingly and intentionally used a facility in
interstate commerce with intent to distribute the
proceeds of an unlawful activity, to wit:  a conspiracy
to distribute marihuana and to possess marihuana with
intent to distribute in violation of 21 United States
Code, Section 846, and with the intent to otherwise
facilitate the promotion, management, establishment,
and carrying on of the aforecited unlawful activity and
did thereafter distribute the proceeds of the
aforecited unlawful activity and facilitate the
promotion, management, establishment and carrying on of
the aforecited unlawful activity, in violation of 18
United States Code, Section 1952 and 18 United States
Code, Section 2.

64.

002227

Further, on or about June 22, 1983 in the Southern
District of Texas, JAMES FOX and METROPOLITAN NATIONAL
BANK, knowingly, intentionally and unlawfully aided and
abetted the distribution by JUAN FRANK GARCIA and
EMILIO QUINTERO-PAYAN of a quantity of marihuana, a
controlled substance under Schedule I of the Controlled
Substances Act of 1970 in violation of 21 United States
Code, Section 841(a)(1) and 18 United States Code,
Section 2.

Racketeering Act no. 70.)

On or about June 24, 1983 JAMES FOX and METROPOLITAN
NATIONAL BANK in the Southern District of Texas
knowingly and intentionally used a facility in
interstate commerce with intent to distribute the
proceeds of an unlawful activity, to wit:  a conspiracy
to distribute marihuana and to possess marihuana with
intent to distribute in violation of 21 United States
Code, Section 846, and with the intent to otherwise
facilitate the promotion, management, establishment,
and carrying on of the aforecited unlawful activity and
did thereafter distribute the proceeds of the
aforecited unlawful acitivity and facilitate the
promotion, management, establishment and carrying on of
the aforecited unlawful activity, in violation of 18
United States Code, Section 1952 and 18 United States
Code, Section 2.

65.

002228

Further, on or about June 24, 1983 in the Southern District of Texas, JAMES FOX and METROPOLITAN NATIONAL BANK, knowingly, intentionally and unlawfully aided and abetted the distribution by JUAN FRANK GARCIA and EMILIO QUINTERO-PAYAN of a quantity of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841(a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 71.)

On or about June 18, 1983 JAMES FOX and METROPOLITAN NATIONAL BANK in the Southern District of Texas knowingly and intentionally used a facility in interstate commerce with intent to distribute the proceeds of an unlawful activity, to wit: a conspiracy to distribute marihuana and to possess marihuana with intent to distribute in violation of 21 United States Code, Section 846, and with the intent to otherwise facilitate the promotion, management, establishment, and carrying on of the aforecited unlawful activity and did thereafter distribute the proceeds of the aforecited unlawful activity and facilitate the promotion, management, establishment and carrying on of the aforecited unlawful activity, in violation of 18 United States Code, Section 1952 and 18 United States Code, Section 2.

66.

002229

Further, on or about June 18, 1983 in the Southern District of Texas, JAMES FOX and METROPOLITAN NATIONAL BANK, knowingly, intentionally and unlawfully aided and abetted the distribution by JUAN FRANK GARCIA and EMILIO QUINTERO-PAYAN of a quantity of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841(a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 72.)

On or about July 6, 1983 JAMES FOX and METROPOLITAN NATIONAL BANK in the Southern District of Texas, knowingly and intentionally used a facility in interstate commerce with intent to distribute the proceeds of an unlawful activity, to wit:  a conspiracy to distribute marihuana and to possess marihuana with intent to distribute in violation of 21 United States Code, Section 846, and with the intent to otherwise facilitate the promotion, management, establishment, and carrying on of the aforecited unlawful activity and did thereafter distribute the proceeds of the aforecited unlawful activity and facilitate the promotion, management, establishment and carrying on of the aforecited unlawful activity, in violation of 18 United States Code, Section 1952 and 18 United States Code, Section 2.

67.

002230

Further, on or about July 6, 1983 in the Southern District of Texas, JAMES FOX and METROPOLITAN NATIONAL BANK, knowingly, intentionally and unlawfully aided and abetted the distribution by JUAN FRANK GARCIA and EMILIO QUINTERO-PAYAN of a quantity of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841(a)(1) and 18 United States Code, Section 2.

Racketeering Act no. 73.)

On or about July 8, 1983 JAMES FOX and METROPLITAN NATIONAL BANK in the Southern District of Texas knowingly and intentionally used a faility in interestate commerce with intent to distribute the proceeds of an unlawful activity, to wit:  a conspiracy to distribute marihuana and to possess marihuana with intent to distribute in violation of 21 United States Code, Section 846, and with the intent to otherwise facilitate the promotion, management, establishment, and carrying on of the aforecited unlawful activity and did thereafter distribute the proceeds of the aforecited unlawful activity and facilitate the promotion, management, establishment and carrying on of the aforecited unlawful activity, in violation of 18 United States Code, Section 1952 and 18 United States Code, Section 2.

002231

Further, on or about July 8, 1983 in the Southern District of Texas, JAMES FOX and METROPOLITAN NATIONAL BANK, knowingly, intentionally and unlawfully aided and abetted the distribution by JUAN FRANK GARCIA and EMILIO QUINTERO-PAYAN of a quantity of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841(a)(1) and 18 United States Code, Section 2.

Racketeering Acts Nos. 70, 71, 72 ,and 73 represent different episodes.

Racketeering Act No. 74.)

On or about July 12, 1983, JUAN JOSE QUINTERO-PAYAN, CELINA LEY QUINTERO, A/K/A/, CELINA LEY MACHADO, and CARLOS BEHN, aided by RAYMOND UGALDE did knowingly and intentionally travel in foreign commerce from Mexico to Houston, Texas, in the Southern District of Texas, with intent to distribute the proceeds of an unlawful activity, to wit: a conspiracy to distribute marihuana and to possess marihuana with intent to distribute in violation of 21 United States Code, Section 846, and with the intent to otherwise facilitate the promotion, management, establishment, and carrying on of the aforecited unlawful activity and did thereafter distribute the approximately $1,090,150 in cash proceeds of the aforecited unlawful activity and did facilitate the promotion, management, establishment and

69.

002222

carrying on of the aforecited unlawful activity, in
violation of 18 United States Code, Section 1952 and 18
United States Code, Section 2.

Racketeering Act No. 75.)

On or about July 18, 1983 CARLOS BEHN, aided and
abetted by RAYMOND UGALDE, JUAN JOSE QUINTERO-PAYAN,
and EMILIO QUINTERO-PAYAN did knowingly and
intentionally travel in foreign commerce from Houston,
Texas, in the Southern District of Texas, to the Cayman
Islands with intent to distribute the proceeds of an
unlawful activity, to wit:  a conspiracy to distribute
marihuana and to possess marihuana with intent to
distribute in violation of 21 United States Code,
Section 846, and with the intent to otherwise
facilitate the promotion, management, establishment,
and carrying on of the aforecited unlawful activity and
did thereafter distribute approximately $6,275,000 of
proceeds of the aforecited unlawful activity and did
facilitate the promotion, management, establishment and
carrying on of the aforcited unlawful activity, in
violation of 18 United States Code, Section 1952 and 18
United States Code, Section 2.

70.

Thereafter, in or about August, 1983 JUAN JOSE
QUINTERO-PAYAN, EMILIO QUINTERO-PAYAN, CARLOS BEHN,
CONTINENTAL RESOURCES, LTD., EUROPEAN COMMODITIES LTD.,
and RAYMOND UGALDE used a facility in foreign commerce,
from the Cayman Islands to the Southern District of New
York with intent to distribute the proceeds of an
unlawful activity, to wit:  a conspiracy to distribute
marihuana and to possess marihuana with intent to
distribute in violation of 21 United State Code,
Section 846, and with the intent to otherwise
facilitate the promotion, management, establishment,
and carrying on of the aforecited unlawful activity and
did thereafter distribute approximately $6,275,000 of
proceeds of the aforecited unlawful acitivity and
facilitate the promotion, management, establishment and
carrying on of the aforcited unlawful activity, in
violation of 18 United State Code, Section 1952 and 18
United States Code, Section 2.

Thereafter, in or about August, 1983 JUAN JOSE
QUINTERO-PAYAN, EMILIO QUINTERO-PAYAN, CARLOS BEHN,
CONTINENTAL RESOURCES, LTD., EUROPEAN COMMODITIES,
LTD., and RAYMOND UGALDE used a facility in interstate
commerce between New York City and the Southern
District of Texas with intent to distribute the
proceeds of an unlawful activity, to wit:  a conspiracy

71.

to distribute marihuana and to possess marihuana with intent to distribute in violation of 21 United States Code, Section 846, and with the intent to otherwise facilitate the promotion, management, establishment, and carrying on of the aforecited unlawful activity and did thereafter distribute approximately $6,275,000 cash proceeds of the aforecited unlawful activity and did facilitate the promotion, management, establishment and carrying on of the aforecited unlawful activity, in violation of 18 United States Code, Section 1952 and 18 United States Code, Section 2.

Racketeering Act No. 76.)

In or about October of 1983 EPIGEMENIO LEAL-PUENTES knowingly and intentionally traveled in foreign commerce from Mexico to Hidalgo County, Texas, in the Southern District of Texas with intent to distribute the proceeds of an unlawful activity, to wit:  a conspiracy to distribute marihuana and to possess marihuana with intent to distribute in violation of 21 United States Code, Section 846, and with the intent to otherwise facilitate the promotion, management, establishment, and carrying on of the aforecited unlawful activity and did thereafter distribute the proceeds of the aforecited unlawful activity and facilitate the promotion, management, establishment and

72.

002235

carrying on of the aforecited unlawful activity, in violation of 18 United States Code, Section 1952 and 18 United States Code, Section 2.

Racketeering Act No. 77.)

On or about a date, believed to be in 1983 in the Southern District of Texas JUAN FRANK GARCIA, SANTOS GARCIA and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully possess with intent to distribute approximately 400 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841(a)(1) and 18 United States Code, Section 2.

Racketeering Act No. 78)

On or about a date, believed to be in 1983 in the Southern District of Texas JUAN FRANK GARCIA, SANTOS GARCIA and JOSE F. MUNIZ, JR. did knowingly, intentionally and unlawfully possess with intent to distribute approximately 400 pounds of marihuana, a controlled substance under Schedule I of the Controlled Substances Act of 1970 in violation of 21 United States Code, Section 841(a)(1) and 18 United States Code, Section 2.

73.